Ahren A. Tiller Esq. [SBN: 250608]
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
SUSANA GONZALEZ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHASE BANK USA N.A., and DOES 1-10, inclusive<br><br>　　　　　Defendant(s), | Case No.: **'18CV0431 CAB AGS**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS FOR OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. SUSANA GONZALEZ (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against CHASE BANK USA N.A. (hereinafter referred to as "CHASE" or "Defendant"), and DOES 1-10, inclusive, (hereinafter referred to collectively as "Defendants") pertaining to actions by

Defendant(s) to unlawfully collect a debt allegedly owed by Plaintiff through the use of an Automated Telephone Dialing System and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" (CAL. CIV. CODE §§ 1788-1788.32), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Mims,* 132 S. Ct., at 744.

---

[1] CA Civil Code §§ 1788.1(a)-(b)

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## **JURISDICTION AND VENUE**

7. This action is based on Defendants' violations of the RFDCPA which is found in California Civil Code §§ 1788 - 1788.32; and Defendants' violations of the TCPA which is found in Title 47 of United States Code Section § 227, et. seq.

8. This Court has jurisdiction over each Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

10. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

12. On information and belief, Plaintiff alleges that Chase Bank USA, National Association ("CHASE BANK USA, N.A." and/or "CHASE"), operates as a National Bank.  CHASE accepts deposits, makes consumer loans, and provides other financial and investment services for the public.  CHASE is, and at all times mentioned herein was chartered as a national bank, with its headquarters in Wilmington, Delaware, and doing business throughout the country, including the Southern District of California (i.e. San Diego County, California).  A significant portion, if not a majority, of CHASE's business operations are dedicated to servicing debts, including consumer credit card debt.  Part of CHASE's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due consumer debts.

13. Defendant CHASE, and at all times mentioned herein was a corporation and a "person," as defined by 47 U.S.C. §153(39).

14. Defendant CHASE regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

15. Defendant CHASE collects debts on behalf of itself for defaulted consumer loans and credit cards, and other similar obligations.  Defendant CHASE collects on those consumer debts owed to it through the mail, electronic communication, and the telephone.  Therefore, Defendant CHASE is a "debt collector" as that term is

defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

16. At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and used said ATDS and/or an automated or Prerecorded Voice ("Recorded Voice") as that term is defined in 47 U.S.C. 227(b)(1)(A), to make collection calls to Plaintiff's cellular telephone.

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. This action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

18. On or about April of 2017, due to financial hardships and job loss, Plaintiff went into default upon a CHASE Charge Account owed to Defendant, CHASE. This Chase Charge Account debt was incurred for consumer purchases and not for business purposes. Due to her financial hardship and inability to maintain her ongoing monthly debt obligations, Plaintiff retained Bankruptcy Law Center, APC to represent her regarding the defaulted CHASE Charge Account.

19. On November 13, 2017, Plaintiff's Counsel sent a letter directing Defendant CHASE to cease and desist from calling Plaintiff regarding the CHASE Charge Card Account, pursuant to the RFDCPA.

20. The November 13, 2017 Cease and Desist Letter sent by Plaintiff's Counsel to CHASE, was sent via facsimile to fax number: (614)-217-1770.

21. The phone number: (614)-217-1770 is a facsimile number owned, operated or accessible by CHASE.

22. CHASE received the Cease and Desist Letter via facsimile on November 13,

1  2017 via facsimile.  A true and correct excerpt of the Cease and Desist letter is
2  listed below:

**BLC LAW CENTER**
*A Professional Corporation*

| | | |
|---|---|---|
| Brian J. McGoldrick, Esq | 1230 Columbia St., Ste 1100 | Scott N. Orona, Esq. |
| Ahren A. Tiller, Esq. | San Diego, CA 92101 | Brett F. Bodie, Esq. |
| Carolina K. Tiller, Esq. | Ph.: 619-894-8831 | Anika M. Renaud-Kim, Esq. |
| | Fax: 866-444-7026 | |
| | www.blc-sd.com | |

November 13, 2017

**SENT VIA FACSIMILE TO:**

Chase 888-643-9268 & 614-217-1770

*Re: Susana Gonzalez (x6674)*

TO WHOM IT MAY CONCERN:

Please be advised that Mrs. Gonzalez has retained Bankruptcy Law Center, APC to represent them with respect to any debt(s) with Chase and end creditor communications.

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated with Mr. or Mrs. Gonzalez. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Susana Gonzalez is represented by Bankruptcy Law Center, APC with respect to any debt allegedly owed to Chase and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Bankruptcy Law Center, APC subsequent to 10/27/17. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code §§ 1788.14(c) is below:

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in

1

> the ordinary course of business to a debtor's inquiry.
>
> Be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our client. Please also be advised that if it was not already clear, any alleged consent given by our Client to be contacted by you in any way is hereby revoked. If you are using an autodialer or similar device, this is express revocation of any prior consent to be contacted by phone, text, or other method.
>
> Since you have now been formally noticed as required by law, any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Chase to actual damages, statutory penalties, attorney fees, and costs.
>
> Please feel free to direct any questions or concerns to the undersigned.
>
> Ahren A. Tiller
> Attorney At Law
> Consumer Bankruptcy Law Specialist
> American Board of Certification

23. CHASE received the Cease and Desist Letter via facsimile on November 13, 2017 at 4:43pm via facsimile. A true and correct copy of the facsimile confirmation excerpt is listed below:

| 11/13/2017 04:43 PM | 16142171770 | 01:16 | 2 | Gonzalez, Susan | Chase | atiller@blc-sd.com | Completed |

24. In said Cease and Desist Letter referenced in paragraph 22 above, Plaintiff specifically revoked any previously provided consent to contact Plaintiff via any means, which included her cell phone through the use of an Automated Telephone Dialing System ("ATDS") as that term is defined in 47 U.S.C. §227(a)(1), and/or an artificial and/or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. §227(b)(1)(A).

25. Despite Plaintiff's clear request in writing for Defendant CHASE to cease calling Plaintiff's cell phone, and her clear revocation of any and all consent to call her via an ATDS and/or Recorded Voice, CHASE has called Plaintiff's cellular telephone repeatedly through the use of an ATDS and/or Recorded Voice, often 1-3 times per day almost every day since, in violation of both the RDFCPA and TCPA.

26.  In late November of 2017, Plaintiff answered the telephone calls by CHASE multiple times and informed CHASE's representatives orally that she had retained counsel and revoked any prior consent to call her cell phone via an ATDS and/or recorded message and/or automated voice.   Despite the November 13, 2017 letter from Counsel and Plaintiff's multiple oral requests to cease calling, CHASE's collection calls to Plaintiff continued unabated.

27. Despite the Cease and Desist Letter referenced in Paragraph 22 and the oral revocations provided by Plaintiff on multiple occasions, CHASE and its representatives and/or agents continue to call Plaintiff incessantly to this day.

28. In the November 13, 2017 Cease and Desist letter Plaintiff's Counsel provided Plaintiff's name and the last four digits of her social security number.  In the Cease and Desist Letter, Plaintiff's Counsel further explained that demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease and that any future communication be exclusively sent to Plaintiff's Counsel.   The letter revoked consent to contact Plaintiff by any fashion, which included via calling her with the use of an Automated Telephone Dialing System and/or Recorded Voice.

29. Despite the Cease and Desist Letter, and multiple oral notices to cease calling Plaintiff, Defendant CHASE has called Plaintiff's cellular telephone approximately 100 times since November 13, 2017.

30. These collection calls were made using equipment that had the capacity to store

or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

31. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called the Plaintiff at certain times from random numbers, usually multiple times a day with varying call times.

32. Further, some of these calls made by CHASE after receipt of the November 13, 2017 letter contained an Artificial or Recorded Voice ("Recorded Voice") message as that term is defined in 47 U.S.C. 227(b)(1)(A).

33. CHASE's calls to Plaintiff after receiving receipt of the November 13, 2017 Cease and Desist Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). The Plaintiff's November 13, 2017 Cease and Desist Letter expressly revoked Defendant's consent to call Ms. Gonzalez via an ATDS and/or Recorded Voice. Additionally, Plaintiff revoked CHASE's alleged consent to call her cellular phone orally on multiple occasions.

34. The multiple calls made by Defendant or its agents after November 13, 2017, were therefore made in violation of 47 U.S.C. § 227(b)(1).

35. Plaintiff has received so many collection calls by Defendants that her voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of her cell phone plan.

36. Upon information and belief, CHASE regularly makes autodialed telephone calls via the use of an ATDS and/or Prerecorded voice in order to collect on its claims.

37. Upon information and belief, CHASE's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

38. Upon information and belief, the telephone equipment used by CHASE to place the calls at issue have the capacity to dial telephone numbers automatically from a

stored list or database without human intervention, using a random or sequential number generator.

39. CHASE's collection calls to Plaintiff describe herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

40. CHASE's collection calls to Plaintiff describe herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

41. CHASE placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

42. CHASE's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that CHASE repeatedly interrupted Plaintiff with unwanted call using an ATDS and/or Recorded Voice for collection purposes.

43. Through CHASE's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

44. CHASE's calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

45. CHASE continues to call and harass Plaintiff despite written instructions that she has retained counsel and to cease all further contact with Plaintiff.

46. In total, Plaintiff has received at minimum over 100 collection calls from CHASE through the use of an ATDS and/or Recorded Voice after CHASE was notified on November 13, 2017 in writing, and also orally by Plaintiff to cease all further contact and revoking consent to call her via the use of an ATDS or Recorded Voice.

47. As a result of CHASE's relentless and harassing collection calls Plaintiff has

experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

48. These calls have consumed her day and have caused a severe disruption to her life, due to their severe frequency.

49. As a direct and proximate result of the aforementioned harassment committed by Defendants, Plaintiff has suffered emotional distress.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## (CAL. CIV. CODE § 1788.14(c))

50. Plaintiff realleges and incorporates by reference Paragraphs 1 through 49, inclusive, as if fully set forth.

51. When Plaintiff's Counsel sent a Cease and Desist Letter referenced in paragraph 22 above to CHASE on November 13, 2017, and Plaintiff orally informed CHASE on multiple occasions that she had retained Counsel.  Therefore, at all times after November 13, 2017 Defendant CHASE was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding this debt.

52. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

53. By calling Plaintiff on her telephone over 100 times after the November 13, 2017 receipt of the Cease and Desist Letter, as well as Oral Notice by Plaintiff, CHASE violated Cal. Civ. Code §1788.14(c).

54. As a result of the constant collection calls from CHASE, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by CHASE are overwheling. Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

55. Therefore, as a direct and proximate result of the extreme amount of calls, totaling in excess of 100 collection calls, the Plaintiff has suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### Negligent Violations of the TCPA

### 47 U.S.C. § 227 Et. Seq.

56. Plaintiff realleges and incorporates by reference Paragraphs 1 through 55, inclusive, as if fully set forth.

57. On November 13, 2017, Plaintiff revoked CHASE's consent in writing, to call her on her cellular telephone via the use of an ATDS and/or Recorded Voice. Further, Plaintiff orally revoked consent to call her cellular telephone through the use of an ATDS and/or Recorded Voice multiple times.

58. The foregoing acts and omissions of CHASE constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

59. As a result of CHASE's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

## THIRD CAUSE OF ACTION

### Knowing and/or Willful Violations of the TCPA

### 47 U.S.C. § 227 Et. Seq.

61. Plaintiff realleges and incorporates by reference Paragraphs 1 through 60, inclusive, as if fully set forth.

62. The foregoing acts and omissions of CHASE constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each

and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.* Plaintiff's Counsel sent a formal Cease and Desist Letter expressly revoking consent to call Plaintiff via the use of an ATDS or Recorded Voice. Said letter was sent to a fax number owned by CHASE and their receipt was confirmed. Further, Plaintiff informed CHASE representatives on multiple occasions orally to cease calling her as she had retained counsel regarding this alleged debt and thereby revoked any prior consent to call her cellular telephone via the use of an ATDS and/or Prerecorded message. Therefore, since CHASE continued to call Plaintiff despite indisputably being informed to not call Plaintiff through two (2) different means, CHASE's acts were willful.

63. As a result of CHASE's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

64. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c. As to the First Cause of Action, an award of reasonable attorney's fees and

costs pursuant to Cal. Civ. Code §1788.30(c);

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

e. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over 100 knowing and/or willful violations of 47 U.S.C. § 227(b)(3)(C), pursuant to 47 U.S.C. §227(b)(1); and

f. For such other and further relief as the Court may deem just and proper.

Dated: February 26, 2018                By:     /s/ Ahren A. Tiller_____
                                                Ahren A. Tiller, Esq.
                                                Bankruptcy Law Center, APC
                                                Attorneys for Plaintif

# DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: February 26, 2018         By:    /s/ Ahren A. Tiller_____
                                        Ahren A. Tiller, Esq.
                                        Bankruptcy Law Center, APC
                                        Attorneys for Plaintiff