UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA GONZALEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A., DOES 1-10 inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:18-cv-00431-CAB-AGS<br><br>**ORDER REGARDING MOTION TO DISMISS COUNTERCLAIMS**<br>**[Doc. No. 9]** |

This matter is before the Court on the motion to dismiss filed by Cross-Defendant Susana Gonzalez ("Plaintiff"). [Doc. No. 9.]¹ The motion has been fully briefed and is suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion to dismiss is **DENIED**.

## PROCEDURAL BACKGROUND

On February 26, 2018, Plaintiff filed a complaint for damages for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") (Cal. Civ. Code §§ 1788-1778.32), and of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227)

---

¹ Document numbers and page references are to those assigned by CM.ECF for the docket entry.

against Defendant Chase Bank USA ("Chase"). [Doc. No. 1.] On April 5, 2018, Chase filed an answer and counterclaims to Plaintiff's complaint. [Doc. No. 5.]

Plaintiff asserts three causes of action against Chase: (1) for violations of the RFDCPA; (2) for negligent violations of the TCPA; and (3) for knowing and/or willful violations of the TCPA. [Doc. No. 1 ¶¶ 50–64.]

Chase answered Plaintiff and filed counterclaims ("Counterclaims") seeking (1) recovery of the current balance owing on Plaintiff's Chase Bank -9810 and -9677 accounts; (2) prejudgment and post-judgment interest on the unpaid principal sums advanced by Chase for these accounts; and (3) attorneys' fees and costs of suit incurred. [Doc. No. 5 at 21.]

On April 26, 2018, Plaintiff filed a motion to dismiss all of Defendants' counterclaims, asserting that the Court lacks subject matter jurisdiction over such claims. [Doc. No. 9.] On May 17, 2018, Chase filed an opposition. [Doc. No. 15.] On May 24, 2018, Plaintiff filed a reply. [Doc. No. 16.]

## ALLEGATIONS OF COUNTERCLAIMS

On or about May 6, 2015, at Plaintiff's request, Chase opened and issued a credit card account, ending in -9810, to Plaintiff. [Doc. No. 5 at 15 ¶ 5.] Chase alleges that pursuant to the account's written Cardmember Agreement, Plaintiff is personally liable for the -9810 account. The current outstanding unpaid balance due on the -9810 account is $4,697.28. [*Id.* at 15 ¶ 6.] The -9810 account is currently delinquent and past due.

Similarly, on or about October 18, 2016, at Plaintiff's request, Chase opened and issued a credit card account, ending in -9677, to Plaintiff. [*Id.* at 15 ¶ 10.] Chase alleges that pursuant to the account's written Cardmember Agreement, Plaintiff is personally liable for the -9677 account. The current outstanding unpaid balance due on the -9677 account is $1,956.12. [*Id.* at 16 ¶ 11.] The -9677 account is currently delinquent and past due.

According to Chase's Counterclaims, Plaintiff has breached both the -9810 and -9677 Cardmember Agreements by failing to make timely payments on each account respectively. [*Id.* at 15–16 ¶¶ 5–14.] Accordingly, Chase seeks to recover the current

2

3:18-cv-00431-CAB-AGS

balance owing on both accounts, for a total of $6,653.40, plus any interest owed on the unpaid principal sums advanced by Chase at the agreed contract rate of interest. Plaintiff has admitted that she failed to make payments to Chase, and that her Chase accounts went into default. [Doc. No. 1 ¶ 18; Doc. No. 15 at 7.]

Chase further contends that, pursuant to the two Cardmember Agreements, in the event that Plaintiff fails to pay the amount owed on her account, Chase is entitled to recover from Plaintiff its collection costs, attorneys' fees, court costs, and all other expenses of enforcing its rights under the Cardmember Agreement. [Doc. No. 5 at 15–16 ¶¶ 9, 17.]

Chase's Counterclaims contain eight counts. In Counts One and Two, Chase requests recovery from Plaintiff for the current outstanding balances owed on the -9810 and -9677 accounts, respectively, as a result of Plaintiff's alleged breach of contract. [*Id.* at 16–18 ¶¶ 15–26.] In Counts Three and Four, Chase asks the Court to declare that there is an account stated by operation of law for both the -9810 and -9677 accounts, respectively. [*Id.* at 18–19 ¶¶ 27–34.] In Counts Five and Six, Chase requests recovery from Plaintiff for the current outstanding balances owed on the -9810 and -9677 accounts, respectively, based on a remedy of *quantum meruit*. [*Id.* at 19–20 ¶¶ 35–44.] In Counts Seven and Eight, Chase seeks recovery from Plaintiff for the current outstanding balances owed on the -9810 and -9677 accounts, respectively, based on a common count action. [*Id.* at 20 ¶¶ 45–52.]

## DISCUSSION

### A. Legal Standard.

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss based on the court's lack of subject matter jurisdiction. Here, Plaintiff moves to dismiss Chase's state-law debt collection counterclaims for lack of subject matter jurisdiction, on the basis that they are permissive, rather than compulsory, counterclaims, and therefore the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367. [Doc. No. 9-1 at 3–6.] Alternatively, if the Court has supplemental jurisdiction over Chase's counterclaims,

Plaintiff urges the Court to decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(4). [*Id.* at 8–10.]

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. In this case, original jurisdiction exists over Plaintiff's claims under the TCPA, which was created by federal law and therefore establishes a federal question. However, original jurisdiction does not exist over Chase's state-law counterclaims to collect the alleged debt owed by Plaintiff. Diversity jurisdiction is also lacking, as the amount Chase is claiming is not over $75,000 as required by 28 U.S.C. § 1332. Therefore, the only basis for the Court's jurisdiction over Chase's state-law counterclaims is supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

28 U.S.C. § 1367(a) grants federal courts supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 applies to both state-law claims brought by a plaintiff and to state-law counterclaims brought by a defendant.

Rule 13 of the Federal Rules of Civil Procedure governs the pleading requirements of counterclaims, and provides that a counterclaim may be either compulsory or permissive. *See* FED. R. CIV. P. 13(a)-(b). Compulsory counterclaims are those claims arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim," which do not "require adding another party over whom the court cannot acquire jurisdiction." *Id.* Permissive counterclaims are all counterclaims that are not compulsory. *Id.* In determining whether a claim is compulsory or permissive, courts must read the phrase "transaction or occurrence" liberally. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987).

To assist the courts in determining whether a counterclaim arises out of the same transaction or occurrence and is therefore compulsory, the Ninth Circuit developed the "logical relationship" test. *Id.* at 1249. Under this test, a claim is compulsory if the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* A logical relationship exists if the "same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005). Failure to bring a compulsory counterclaim bars a later assertion of that claim. *See* FED. R. CIV. PRO. 13(a). As a result, federal courts traditionally have supplemental jurisdiction over compulsory counterclaims because "a plaintiff would otherwise lose his opportunity to be heard on that claim." *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1069 (E.D. Cal. 2005) (citing *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n.1 (1974)).

**1. Chase's Counterclaims are Permissive.**

The first issue is whether Chase's state-law counterclaims to collect the debt underlying Plaintiff's RFDCPA and TCPA claims are compulsory or permissive. Plaintiff argues Chase's debt collection claims are permissive counterclaims under the "logical relationship" test. Plaintiff contends that the two actions do not involve the same transaction or occurrence, as Plaintiff's federal complaint involves the factual issue of whether or not Chase made unlawful telephone calls to Plaintiff's cell phone, and Chase's counterclaims involve the validity of the underlying debt. [Doc. No. 9-1 at 5.] In its Opposition, Chase does not assert that its counterclaims are compulsory. [Doc. No. 15 at 11.] Accordingly, the Court finds that Chase's state-law counterclaims are permissive.

Though the Ninth Circuit has not specifically addressed whether a counterclaim for the underlying debt in a Fair Debt Collection Practices Act claim is compulsory or permissive, "most, if not all of the district courts within the Ninth Circuit . . . have determined that such a counterclaim is permissive." *Marlin v. Chase Cardmember Servs.*,

No. 1:09cv0192 AWI DLB, 2009 WL 1405196, at * 3 (E.D. Cal. May 19, 2009). *See, e.g., Robles v. Ally Bank*, No. 12cv01013 AJB (MDD), 2013 WL 28773, at *2-6 (S.D. Cal. Jan. 2, 2013); *Campos v. W. Dental Servs.*, 404 F. Supp. 2d 1164 (N.D. Cal. 2005); *Randall v. Nelson & Lennard*, No. CV-09-387-PHX-LOA, 2009 WL 2710141, at *4 (D. Ariz. Aug. 26, 2009); *Avery v. First Resolution Mgmt. Corp.*, No. 06-1812-HA, 2007 WL 1560653, at *5-9 (D. Or. May 25, 2007), *aff'd* 568 F.3d 1018 (9th Cir. 2009); *Barcena v. Tam Fin. Corp.*, No. EP-07-CA-0020-KC, 2007 WL 1452587, at *4 (W.D. Tex. May 8, 2007); *Wilson v. Discover Bank*, No. 3:12-cv-05209-RBL, 2012 WL 1899539, at *4 (W.D. Wash. May 24, 2012). The Eighth Circuit best stated the reasoning behind this in *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981):

> While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts.

These FDCPA cases guide the analysis here, and the Court finds their position persuasive. Though one of the main elements of an FDCPA claim is the existence of an underlying debt, the Act was "designed to protect consumers who have been victimized by unscrupulous debt collectors," regardless of whether the plaintiff actually has a valid outstanding debt. *See Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Further, a decision in this action without Chase's counterclaim would not be res judicata in a subsequent suit on the debt by Chase in a state court. *See Leatherwood v. Universal Business Service Co.*, 115 F.R.D. 48, 49 (W.D.N.Y. 1987). Accordingly, the Court finds that Chase's counterclaims to recover the underlying debt are permissive rather than compulsory.

/ / /

/ / /

6

3:18-cv-00431-CAB-AGS

### 2. The Court has Supplemental Jurisdiction over Chase's Permissive Claims.

As Chase's counterclaims are permissive, the Court must determine whether supplemental jurisdiction exists over the claims. Permissive counterclaims require an independent basis for subject matter jurisdiction. *Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI, 2008 WL 2037621, at *3 (N.D. Cal. May 12, 2008) (citing *Iglesias v. Mutual Life Ins. Co. of New York*, 156 F.3d 237, 241 (1st Cir. 1998)). However, where there is no independent basis for jurisdiction, the Court may nevertheless exercise supplemental jurisdiction over the permissive counterclaims under 28 U.S.C. § 1367. *See Jones v. Ford Motor Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004). Thus, the Court must determine whether the counterclaim is "so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiff contends that the Court lacks supplemental jurisdiction under § 1367(a) because Plaintiff's TCPA claims and Chase's state-law debt collection claims are not part of the same "case or controversy." Specifically, Plaintiff argues that her TCPA claims can be "entirely disposed of without any inquiry into whether Plaintiff owes Chase for a pre-existing debt," so there is no supplemental jurisdiction, citing *Hart v. Clayton-Parker & Assocs.*, 869 F. Supp. 774, 776 (D. Ariz. 1994). [Doc. No. 9-1 at 6.] The Court disagrees with Plaintiff on this issue.

The Ninth Circuit has not definitively ruled on the question of whether supplemental jurisdiction under § 1367 can cover permissive counterclaims. As Plaintiff notes, the *Hart* court found that if a counterclaim is permissive, supplemental jurisdiction cannot attach. *See Hart*, 869 F. Supp. at 776. On the other hand, the Seventh Circuit has held that § 1367's "case or controversy" requirement applies to both compulsory and permissive counterclaims. *See Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers."). In decisions this Court finds persuasive, the majority of district courts within the Ninth Circuit have rejected *Hart* and followed the Seventh Circuit in *Channell*. *See Clear Connection Corp. v. Comcast*

*Cable Commc'n Mgmt., LLC*, 149 F. Supp. 3d 1188, 1207 n.8 (E.D. Cal. 2015). *See, e.g., Sparrow*, 385 F. Supp. 2d at 1070; *Koumarian v. Chase Bank USA, N.A.*, No. C-08-4033 MMC, 2008 WL 5120053, at *3 (N.D. Cal. Dec. 3, 2008); *Avery*, 2007 WL 1560653, at *5-9, *aff'd* 568 F.3d 1018 (9th Cir. 2009); *Campos*, 404 F. Supp. 2d at 1168 (finding that permissive counterclaims may qualify for supplemental jurisdiction under § 1367 if the counterclaim forms part of the same case or controversy).

Further, the Second Circuit found that the scope of § 1367(a) is at least as broad as the pre- § 1367 "common nucleus of operative fact" test as delineated in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). *See Jones*, 358 F.3d at 212 n.5. Under this test, state and federal law claims must "derive from a common nucleus of operative fact" in order for the court to exercise supplemental jurisdiction over the state law claims. *Gibbs*, 383 U.S. at 725. Here, Chase's counterclaim, although not arising out of the same "transaction or occurrence" as Plaintiff's TCPA claim, nonetheless derives from a "common nucleus of operative fact," in that both parties' claims are related to the same underlying debt owed by Plaintiff to Chase. Chase would not have called Plaintiff in the manner it allegedly did, which serves as the basis for Plaintiff's RFDCPA and TCPA claims, if Plaintiff did not owe Chase a debt. Accordingly, Chase's permissive counterclaim satisfies the *Gibbs* test, and the Court may therefore exercise supplemental jurisdiction over the state-law counterclaim.

The Court is inclined to follow the majority of Ninth Circuit district courts cited above, and finds that supplemental jurisdiction exists over a defendant's state-law counterclaim related to the debt underlying a plaintiff's RFDCPA and/or TCPA claim. *See Sparrow*, 385 F. Supp. 2d at 1070 ("[B]ecause Defendant's counterclaims bear a logical and factual relationship to Plaintiff's claims in that they are related to a single debt incurred by Plaintiff, supplemental jurisdiction exists over Defendant's counterclaims under § 1367(a)."). Here, both Plaintiff's and Chase's claims are related to the two underlying credit card debts owed by Plaintiff to Chase. These claims may be fairly classified as part

of the same "case or controversy"; therefore, the Court may exercise supplemental jurisdiction over Chase's counterclaims pursuant to 28 U.S.C. § 1367(a).

### 3. The Court Exercises its Supplemental Jurisdiction.

Even if supplemental jurisdiction exists, district courts may decline to exercise supplemental jurisdiction over a counterclaim or third-party claim if: (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The Supreme Court has identified additional factors that district courts should consider when deciding whether to exercise supplemental jurisdiction, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

Plaintiff contends that this matter implicates subsection § 1367(c)(4). She argues that even if the Court has supplemental jurisdiction over Chase's counterclaims, there are significant public policy reasons against the Court exercising its jurisdiction to allow counterclaims brought by debt collector defendants. [Doc. No. 9-1 at 8–10.] As such, Plaintiff urges the Court to decline to exercise its jurisdiction under § 1367(c)(4).

Several district courts within the Ninth Circuit have agreed with Plaintiff on this issue. *See Robles*, 2013 WL 28773, at *5. These courts noted that the FDCPA's primary purpose is to protect individuals from unfair debt collection practices, so "strong public policy reasons exist for declining to exercise jurisdiction" over debt collector defendants' counterclaims. *See Campos*, 404 F. Supp. 2d at 1170. These courts have also recognized that exercising supplemental jurisdiction over defendants' debt collection counterclaims based on the underlying debt might have a "chilling effect" on plaintiffs "who otherwise might and should bring suits under the FDCPA." *Sparrow*, 385 F. Supp. 2d at 1071 ("Given the remedial nature of the FDCPA 'and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of . . . the target of

the very legislation under which' a FDCPA plaintiff states a cause of action.") (quoting *Leatherwood*, 115 F.R.D. at 50). Though a plaintiff should not "expect a court to tolerate evasion of lawful debts," the Seventh Circuit has held that "arguments under § 1367(c) are addressed to the district court's discretion." *See Channell*, 89 F.3d at 386-87.

However, the Court is not persuaded to exercise its discretion to decline supplemental jurisdiction in this case. While strong public policy reasons may exist for declining jurisdiction in FDCPA cases where a plaintiff's potential recovery is relatively low, here Plaintiff has a federal TCPA claim in addition to her state-law RFDCPA claim. Plaintiff's alleged damages for her TCPA claim alone are over $150,000.00. [Doc. No. 1 at 15.] On the other hand, as both parties have admitted, Plaintiff owes Chase $6,653.40 plus interest for her underlying credit card debt. [Doc. No. 16 at 2.] The amount of damages sought by Plaintiff in her Complaint vastly exceed the amount sought by Chase in its counterclaims. Thus given the relatively small amount of the debt compared to the large amount sought by Plaintiff, the likelihood of Chase's counterclaims having a "chilling effect" on Plaintiff's TCPA claim is much lower than in the FDCPA cases cited above. While Plaintiff argues that Chase could "easily obtain a judgment in excess of $100,000.00" for its attorney's fees and costs, this is unlikely given that Plaintiff has already admitted to the debt owed to Chase, so there are not many outstanding issues to litigate on a debt-collection claim. [Doc. No. 16 at 5.] Further, any judgment obtained by Plaintiff could be offset by any judgment obtained by Chase, so a judgment for Chase would likely not result in the life-altering loss that Plaintiff contends it will. [*Id.* at 5.]

Additionally, the likelihood of creating a "chilling effect" on future TCPA claims by other plaintiffs would also be low. Most TCPA claims will not involve such debt collection counterclaims like Chase's here, as debt-collection calls are exempt from the TCPA's

prohibitions.[2] *See Meadows v. Franklin Collection Serv., Inc.*, 414 Fed. Appx. 230, 235 (11th Cir. 2011). As a result, cases involving both TCPA claims and debt-collection counterclaims are not common enough to find that a "chilling effect" would be created for future TCPA plaintiffs.

Finally, several Ninth Circuit district courts have found that hearing a defendant's counterclaims under supplemental jurisdiction promotes judicial economy and efficiency. *See Koumarian*, 2008 WL 5120053, at *3 ("the exercise of supplemental jurisdiction in the instant action will promote the goals of judicial economy and efficiency, as all claims related to the alleged debt . . . will be resolved in a single action."); *see also Delgado v. Orchard Supply Hardware Corp.*, 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011) ("[i]f this court forced plaintiff to pursue his state law claims in state court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the two courts' resources."). The Court agrees with Chase that hearing its counterclaims under supplemental jurisdiction will permit this matter to move through the judicial system more efficiently, especially given the fact that Plaintiff has already admitted to owing Chase a debt. Where debt-collection claims will inevitably be brought in state court, it is more efficient to adjudicate these claims regarding the underlying debt in a single action, and allows for a more speedy resolution of all disputes between the parties.

The Court finds that the concern of creating a "chilling effect" on this Plaintiff and future plaintiffs with TCPA claims is not comparable to the above-cited FDCPA cases, and there are significant judicial economy and efficiency gains to be obtained from exercising jurisdiction over Chase's counterclaims. Accordingly, the Court finds compelling reasons to exercise its supplemental jurisdiction over Chase's permissive counterclaims.

---

[2] Here, Plaintiff alleges that Chase negligently and willfully violated the TCPA by calling her cellular telephone via the use of an Automatic Telephone Dialing System (ATDS) and/or Pre-recorded Voice without her consent. [Doc. No. 1 at 13–14.] In its Answer, Chase denies that it used, controlled or operated an ATDS. [Doc. No. 5 at 4.] Plaintiff's TCPA claims are not based on Chase's alleged debt-collection calls, but rather on its alleged use of an ATDS and/or Pre-recorded Voice to call Plaintiff.

## CONCLUSION

For the reasons set forth above, the motion to dismiss all of Chase's state-law debt collection counterclaims is **DENIED**.

Dated: June 1, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge